# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA R. BELLA,**

  **Plaintiff,**

 v.               Case No. 19-CV-1149

**BRIAN FOSTER,** *et al.,*

  **Defendants.**

## SCREENING ORDER

On October 17, 2019, this court screened Joshua R. Bella's complaint, determined that the complaint did not state a claim, and granted Bella leave to file an amended complaint. (ECF No. 16.) On October 30, 2019, Bella filed an amended complaint (ECF No. 17), which is now before the court for screening under 28 U.S.C. § 1915A(a).

As with the initial complaint, the court must dismiss the amended complaint if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

1. Bella's Amended Allegations

Bella sues the same four defendants listed in his initial complaint: Warden Brian Foster, Security Director Anthony Meli, Captain Jeffrey Westra,[1] and Tonia Moon. (ECF No. 17 at 1, 3.)

The fifteen paragraphs listed under "Allegation Facts" are effectively identical to those listed in Bella's initial complaint. (*Id.* at 3–5.) He reiterates his allegations about his medical condition (Ehlers Danlos Syndrome Type 3 ("EDS")), history of abuse because of his condition, and unsuccessful requests to be moved to a different area of the prison. (*Id.*; *see* ECF No. 16 at 4–5.)

---

[1] Bella previously listed Captain Westra's first name as "Jeremy" (ECF No. 1 at 1), but in the amended complaint lists it as "Jeffrey" (ECF No. 17 at 1, 3).

Bella newly fleshes out his allegations about each defendant. He alleges that he wrote a letter to Warden Foster in June 2019 citing his health problems, accusing Foster of not keeping him safe, and requesting a move to Southwest Cell Housing. (ECF No. 17 at 5.) Bella says Foster "was fully aware of everything going on and Foster deliberately ignored Bella's letter and took no reasonable action to keep Bella or his property safe." (*Id.*) Bella asserts, without elaboration, that he previously was housed with violent inmates "intentionally to punish Bella for standing up for his rights in the past" by filing complaints about Waupun. (*Id.*)

Bella alleges much of the same against Meli, nearly verbatim. He alleges that Meli ignored his letters requesting a move from a cell where he was housed with a cellmate who, Bella alleges, "has a long history of violent behavior, which a simple check on his security file would show." (*Id.* at 6.) Bella does not allege that Meli ordered Bella to be housed with that inmate but says that Meli "knew a move to that room would cause Bella to be assaulted/extorted/robbed." (*Id.*) Bella further alleges that "there is a very distinctive pattern over 5 years of Bella intentionally being celled up with similar inmates then Meli refusing to intervene." (*Id.*) Bella alleges that Meli has consistently allowed him to be housed with violent cellmates "to punish Bella for standing up for his civil rights." (*Id.*)

Bella's allegations against Westra are virtually identical to his allegations against Foster. (*Id.* at 6–7.) He alleges that he wrote to Westra as recently as October 13 and 16, 2019, "alerting him of his current danger and of active extortion but he [Westra] is still refusing to take any action to keep Bella and his property safe." (*Id.* at 7.) (He alleges the same, verbatim, against Foster. (*Id.* at 6.).)

Bella alleges that he wrote complaints about Foster, Meli, and Westra, but Moon "used her position to deliberately cover the assault up by returning compl[ai]nt wrongly without even processing it." (*Id.* at 7.) He says Moon neglected "her duty to report security threats" when she failed to tell staff about Bella's complaints of danger. (*Id.*) He accuses Moon of "deliberately us[ing] her authority to reject the complaint without taking any steps to ensure reasonable steps were taken to keep Bella safe." (*Id.*)

Bella asserts he is in imminent danger and seeks declaratory relief, an injunction ordering him moved to a "permanent 'red tag' single cell," and monetary damages against each defendant. (*Id.* at 8–9.)

*2. Analysis*

Bella purports to bring his amended complaint pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 17 at 10.) As with his initial complaint, Bella's amended complaint does not allege complete diversity of citizenship. (*See* ECF No. 16 at 5.) The court has jurisdiction over Bella's amended complaint, which alleges violations of his rights under the U.S. Constitution, pursuant to 28 U.S.C. § 1331.

Bella claims that defendants Foster, Meli, and Westra were deliberately indifferent to risks to his health and safety because they did not act in response to the letters that he sent them. Although Bella does not allege that the defendants received and read his letters, he alleges that each "was fully aware of everything going on" and "deliberately ignored Bella's letters and took no reasonable action to keep [Bella] or his property safe." (ECF No. 17 at 5–7.) These allegations are sufficient for purposes of screening to state an Eighth Amendment claim against Foster, Meli, and Westra. *See Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). To succeed on these claims, Bella will

be required to prove that each defendant received the letters he sent, read them, and by those letters had "sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Id.* (quoting *Vance*, 97 F.3d at 993).

Bella also alleges that Foster and Westra allowed him to be housed with a violent cellmate in retaliation for Bella's previous complaints against Waupun. To state a claim of retaliation, Bella must allege that "he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010), and *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Bella's filing of previous complaints is protected activity, *see DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000), and being housed with violent cellmates could chill a prisoner's filing of future complaints. But Bella does not suggest any facts linking the two. He does not even allege a close temporal connection between his initial complaints about Waupun and the defendants' conduct, which in rare circumstances could establish causation. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850 (7th Cir. 2008) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006)). His conclusory allegation that the actions were retaliatory is insufficient to plead the requisite causal connection. *See Iqbal*, 556 U.S. at 679. He therefore does not state a claim of retaliation against Foster or Westra.

Bella, in nearly identical terms, also accuses Meli of retaliating against him. But unlike his allegations against Foster and Westra, Bella alleges that Meli consistently allowed Bella to be housed with violent cellmates over the past five years and refused to intervene and provide him safer housing, all because Bella complained about Waupun in the past. As noted in the previous order, Bella does not have a constitutional right to a specific housing

5

assignment. (ECF No. 16 at 7 (citing *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976))).). But if Meli for five years consistently housed Bella with known-violent inmates because of Bella's earlier complaints, as Bella alleges, his conduct may be actionable under § 1983. *See Bridges*, 557 F.3d at 552 (citing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987)). These additional allegations against Meli take Bella's retaliation claim from the speculative into the plausible. *See Twombly*, 550 U.S. at 555. The court will allow Bella's First Amendment retaliation claim to proceed against Meli.

Bella alleges that Moon wrongly denied his grievances, covered-up the assaults on Bella, and otherwise abdicated her responsibilities as complaint examiner, knowing full well that Bella would face harm because of her actions. These allegations suffice to state an Eighth Amendment claim against Moon. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Bella's remaining claims, to the extent he seeks to replead them, fail to state a claim for the same reasons discussed in the previous order. (ECF No. 16 at 7–8 (discussing Bella's claims regarding his housing assignment, handling of his inmate complaints, and failure to investigate).)

    *3.    Conclusion*

The court will allow Bella's Eighth Amendment claims against all defendants, and his First Amendment claim against defendant Meli, to proceed.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Brian Foster, Anthony Meli,

Jeffrey Westra, and Tonia Moon. It is **ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Bella is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Bella is reminded that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 1st day of November, 2019.

                                        **BY THE COURT:**

                                        *s/ Nancy Joseph*_____
                                        Nancy Joseph
                                        United States Magistrate Judge