# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA BELLA,**

    **Plaintiff,**

    v.                                                                                          Case No. 19-cv-1149

**BRIAN FOSTER,** *et al.***,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO SECURE LEGAL DOCUMENTS AN MOTION FOR TEMPORARY RESTRAINING ORDER AND PROHIBITORY INJUNCTION

Before me are two motions filed by Plaintiff Joshua Bella, a "motion to secure legal documents" and a "motion for a temporary restraining order and prohibitory injunction." (ECF Nos. 21 and 23.) Regarding the motion to secure legal documents, Bella explains that he saves his legal documents on a thumb drive, but the thumb drive "must be turned into staff" at the end of use. (ECF No. 21.) He asks for an order to password-protect his thumb drive to prevent alterations to his legal materials. (*Id*.) As to the motion for a temporary restraining order, Bella states that he was physically assaulted four times over a nine-day period and all of his canteen items were stolen. (ECF No. 23.) He asks for an order to "change[] [his] cell placement." (*Id*. at 2.)

I will construe Bella's motions as a mandatory preliminary injunction. *See Taylor v. Sutterer*, 2019 WL 6701917, at *3 (S.D. Ill. Dec. 9, 2019) (noting that a

motion that requires an affirmative act by the defendants is construed as a "mandatory preliminary injunction.") Mandatory preliminary injunctions are "cautiously viewed and sparingly issued" because they require the court to command the defendants to take a particular action. *Id*. To obtain a mandatory preliminary injunction, Bella must establish that: (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Id*. (citing *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015)).

In the prison context, the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage." *Westefer*, 682 F.3d at 683.

On the record before me, I will deny Bella's request to order the prison to password-protect his thumb drive because that injunction does not pertain to the issues in this case. *See Mason v. Freeman*, 2019 WL 2173480, at *2 (S.D. Ill. May 20, 2019) (noting that a prisoner-plaintiff cannot establish a reasonable likelihood of success on the merits when the allegations in an injunction "do not pertain to the

2

issues in this case.") The court allowed Bella to proceed with a failure-to-protect claim and a retaliation claim. (*See* ECF No. 18.) The allegations in his motion injunction for a temporary restraining order and prohibitory injunction involve a possible access-to-the-courts claim. Bella can address problems regarding his thumb drive through the institution's Inmate Complaint Review System. If that doesn't resolve the problem, he can file a separate lawsuit against the individual or individuals he believes is hindering his access-to-the-courts. Bella cannot seek the injunction he wants through this lawsuit.

I will also deny Bella's request to order the prison to change his cell placement. Defendants explain that, in June 2019, they moved Bella to South Cell Hall in response to the altercation that forms the basis of this motion for injunction. (ECF No. 23 at 2-3.) They explain that they are not aware of any other altercations involving Bella since being moved to the South Cell Hall. (*Id.*) If Bella believes that he is still in danger, he should resubmit DOC-1803 and provide specific information (such as names, dates, and details of the perceived threat) so that DOC staff can properly reinvestigate the issue. (*Id.*) Bella cannot circumvent the remedies available at the institution by directly requesting an injunction from the federal court. Therefore, I will deny both requests for an injunction.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's "motion to secure legal documents" (ECF No. 21) is **DENIED**.

**IT IS ORDERED** that plaintiff's "motion for a temporary restraining order and prohibitory injunction" (ECF No. 23) is **DENIED**.

3

Dated at Milwaukee, Wisconsin this 15th day of January, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge